# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID A. CASTELLAN, et al., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A., et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:13-cv-02027-RCJ-NJK <br><br> ORDER |

This matter is before the Court on the parties' Proposed Discovery Plan and Scheduling Order. Docket No. 22. The discovery plan is defective in numerous respects. First, the discovery plan was not timely filed. Defendant Bank of America filed a motion to dismiss on November 8, 2013. Docket No. 5. The Rule 26(f) conference was required to be held within 30 days after the first defendant's answer or appearance. *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears"). The stipulated discovery plan was due 14 days thereafter. *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order"). As such, the stipulated discovery plan was due on December 23, 2013. Despite that deadline, the proposed discovery plan was not filed until April 11, 2014.[1]

---

[1] The filing of a motion to dismiss does not result in an automatic stay of discovery. *See, e.g.*, *TradeBay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To the extent the parties sought to stay discovery, they were required to seek leave of Court.

Second, the discovery plan must state the date of the first defendant's answer or other appearance in the case. *See* Local Rule 26-1(e)(1). The proposed discovery plan fails to do so.

Third, and relatedly, the discovery plan must state the number of days sought for discovery "measured from the date the first defendant answers or otherwise appears." *See id.* The proposed discovery plan improperly calculates the number of days sought from the parties' (belated) Rule 26(f) conference. Docket No. 22 at 2.

Fourth, the proposed discovery plan misstates Local Rule 26-4, in that it provides that requests to extend deadlines in the scheduling order need only be filed 21 days before the discovery cut-off. *See* Docket No. 22 at 3. Local Rule 26-4 requires that any request to extend deadlines set forth in the scheduling order must be submitted at least 21 days <u>before the subject deadline</u>. For example, any request to extend the deadline for initial expert disclosures must be filed at least 21 days before the expiration of <u>that deadline</u>. Such a request filed only 21 days before the discovery cut-off would be untimely.

In light of the above deficiencies, the Court hereby **SETS** a hearing on the discovery plan for April 23, 2014 at 4:00 p.m. in Courtroom 3B.

Moreover, in an effort to ensure future compliance and complete understanding of the Local Rules, the Court hereby **ORDERS** attorneys Jacob Bundick, Ariel Stern, Tenesa Scaturro, and Michael Brooks[2] to file a certification with the Court no later than April 21, 2014, indicating that they have read and comprehend Local Rules 26-4 and 26-1.

IT IS SO ORDERED.

DATED: April 14, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] A separate order will issue regarding attorneys Jamie Cogburn and Paul Cullen.

2