# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID A. CASTELLAN, an individual; CECELIA CASTELLAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A., a national association; SETERUS, INC., a foreign corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION d/b/a "Fannie Mae", a government sponsored entity, and DOES I through X, inclusive; ROE CORPORATIONS, I through X, inclusive, <br><br> Defendants. | 2:13-cv-02027-RCJ-WGC <br><br> ORDER |

This foreclosure case arises out of an alleged breach of a modification agreement. Defendant Bank of America has moved to dismiss (ECF No. 5), and Defendants Fannie Mae and Seterus have joined the motion (Joinder, ECF No. 10). For the reasons stated herein, the Court finds the complaint so unclear that it cannot prepare a coherent statement of facts to include in this Order. Accordingly, the complaint fails to satisfy Rule 8's notice requirements and the motion to dismiss is therefore granted. Plaintiffs are granted leave to amend within fourteen (14) days of the entry of this order into the electronic docket, to correct, if possible, the deficiencies identified herein.

## I.   LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party.

*Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

II. **ANALYSIS**

Plaintiffs' complaint is unclear, ambiguous, and inadequate. It alleges, among other things, that one or both Plaintiffs purchased real property, executed a note secured by a deed of trust, defaulted on the loan, entered into an agreement with one or more of the Defendants to modify the

loan, and that one or more of the Defendants breached the modification agreement. (Compl. ¶¶ 12–37, ECF No. 1-1, at 5–8). It further alleges that Defendant Seterus is now improperly attempting to foreclose on the subject property. (*Id.* ¶¶ 39–46, at 9). Plaintiffs assert seven causes of action: (1) breach of contract; (2) promissory estoppel; (3) tortious and contractual breach of the implied covenant of good faith and fair dealing; (4) intentional and negligent misrepresentation; (5) unjust enrichment; (6) breach of the Mortgage Settlement Agreement; and (7) violation of NRS 107, *et seq.*(*Id.* ¶¶ 51–100, at 9–14).

Throughout the complaint, however, Plaintiffs inconsistently alternate between using "Castellan" to refer to the Plaintiffs collectively, (*see, e.g.*, Compl. preamble, ¶ 1, ¶ 13, ECF No. 1), David Castellan alone, (*see, e.g.*, *id.* ¶ 15 (suggesting that David Castellan was alone responsible for the mortgage)), and Cecelia Castellan alone, (*see, e.g.*, *id.* ¶¶ 24–37) (suggesting that Cecelia Castellan alone entered into the alleged modification agreement). They do the same in their opposition to the instant motion by initially suggesting that "Castellan" refers to the Plaintiffs collectively, (*see* ECF No. 14, at 1), but at times referring to "[t]he Castellans," (*see, e.g.*, *id.* at 6), and elsewhere referring to "Castellan" while using feminine pronouns, (*see, e.g.*, *id.* at 9). The Court finds such pleading and argument remarkably unclear, and it need not look beyond these defects to dismiss the complaint. Indeed, the Court cannot determine, from the face of the complaint, whether both Plaintiffs executed the loan documents or if David Castellan executed them alone. These facts are critical in this case. Moreover, the Court cannot determine, with any degree of certainty, whether Plaintiffs have alleged that the Defendants' interactions with any single Plaintiff created an enforceable modification agreement. In other words, it is unclear to the Court whether Plaintiffs are attempting to allege that they both entered into the modification agreement, that only one of them did, or that their individual, independent interactions with Defendants, when viewed collectively,

4

demonstrate the existence and breach of the alleged agreement. For example, Plaintiffs allege that "*Plaintiff* was subject to a six (6) month trial period in which monthly payments were to begin by March 1, 2010 in the amount of $1,240.84. The remaining terms of the loan modification would later be provided in the loan modification packet that was to be sent *Castellan* at a later time." (*Id.* ¶ 28, at 7) (emphasis added). Reading this allegation in context, the Court is unable to determine the identity of "Plaintiff" or "Castellan."

Not only does the complaint fail to identify which Plaintiff was allegedly subject to the six-month trial period or who agreed to modify the loan, it is also unclear as to whether Cecelia Castellan was even named on the loan, (*compare id.* ¶ 15 ("Castellan began making payments pursuant to the terms of *his* mortgage. However, Castellan encountered financial difficulties and was no longer able to maintain the mortgage payments." (emphasis added)), *with id.* ¶¶ 24–37 ("Castellan appeared with *her* then legal representation at a mediation proceedings [*sic*] between Castellan and BOA to resolve the issues regarding obtaining a loan modification (emphasis added))), despite implying that she alone entered the modification agreement, (*id.* ¶¶ 24–37). Compounding the confusion, Plaintiffs assert claims against JP Morgan Chase, (*id.* ¶ 91, at 13), an entity not named as a defendant in this case. In sum, the Court is unable to confidently articulate a coherent statement of the facts alleged, because it simply cannot determine which Plaintiff was involved in the particular interactions alleged. Likewise, the Court cannot, for example, conclude that Plaintiffs have asserted a plausible breach of contract claim, because Plaintiffs have not alleged, with sufficient clarity, that they individually or collectively satisfied the requirements necessary to create the contract alleged. Accordingly, Plaintiffs have failed to provide Defendants with the basic notice required by Rule 8, and they have failed to satisfy *Twombly*'s plausibility standard. The complaint (ECF No. 1-1) is therefore dismissed.

Should Plaintiffs elect to amend the complaint, they must clearly identify each individual Plaintiff in each individual allegation so that the Defendants and this Court can clearly determine each Plaintiff's alleged role in the misconduct charged. Plaintiffs are also instructed to use "Plaintiffs" instead of "Castellan" where a collective reference is appropriate and to use the applicable first name or first initial where an individual reference is appropriate. Furthermore, Plaintiffs are reminded that to the extent they intend to state claims to which Rule 9(b)'s heightened pleading standard applies, they must specifically allege "the who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106. Finally, Plaintiffs are strongly cautioned against asserting claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 5) is granted as to all seven of Plaintiffs' claims. Plaintiffs are granted leave to amend their complaint, within fourteen (14) days of the entry of this Order into the electronic docket, to comply, if possible, with the instructions included herein.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

_____
ROBERT C. JONES
United States District Judge